UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE OROPEZA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HUMAN GOOD, INC., a California corporation d/b/a THE TERRACES OF BOISE,<br><br>　　　　　　Defendant. | Case No. 1:25-cv-00577-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Michelle Oropeza's Complaint. Dkt. 1. Although more than three months have passed since she filed her Complaint, Oropeza has not indicated to the Court that she served the Defendant, Human Good, Inc. ("Human Good"). *See* Fed. R. Civ. P. 4(m); Dist. Idaho Loc. Civ. R. 4.1.

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 4(m), the Court may review Oropeza's Complaint to determine whether she is entitled to proceed, or whether a sua sponte dismissal is warranted. *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Below, the Court briefly considers Oropeza's Complaint.

## II. LEGAL STANDARD

*1. Case Screening*

Outside the statutory screening authority of 28 U.S.C. §§ 1915 & 1915A, which do not apply to non-prisoner pro se complaints, or where, as here, a pro se plaintiff has paid the filing fee, the court nevertheless retains authority under Rule 12(b)(6) to dismiss a fee-

paid complaint on its own motion. *Omar,* 813 F.2d at 991. A sua sponte dismissal may be entered without prior notice to the plaintiff "where the claimant cannot possibly win relief." *Id.*

Where defendants have appeared and defended, it is more appropriate for the Court to solicit the parties' input before a sua sponte dismissal. *See id.* Where, as here, Defendant has not had the opportunity to address the Complaint, the Court must take care to distinguish claims that are frivolous (where sua sponte dismissal is appropriate) and claims that fail to state a claim for relief and might be amended to state a claim (where dismissal without opportunity to amend may be inappropriate). *Neitzke v. Williams*, 490 U.S. 319 (1989) (decided in the 28 U.S.C. § 1915 context).

In all cases, "the district court is charged with effectuating the speedy and orderly administration of justice." *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008). "There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders." *Id.*

### 2. Pleading Standard

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Such statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but mere "labels and conclusions" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*")). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 667. While factual allegations are accepted as true, legal conclusions are not.[1] *Id*.

### III. ANALYSIS

*1.   Compliance with Pleading Requirements*

A review of Oropeza's Complaint satisfies the Court that it does comply with the pleading requirements. Oropeza alleges that Human Good discriminated against her based on her sex and pregnancy status, retaliated against her for requesting accommodations related to her pregnancy, and created a hostile working environment in violation of Title VII of the Civil Rights Act. Dkt. 1, at 5-6. Additionally, Oropeza alleges a violation of the Pregnant Worker's Fairness Act. For the reasons described below, Oropeza's claims survive the low bar that is the Court's initial review for compliance with federal pleading requirements.

Oropeza's claims arise from her employment with Human Good which was terminated in January 2025 after Oropeza filed a complaint about discrimination with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 1 at 4; Dkt. 1-3. Prior to the termination of her employment, Oropeza was pregnant and alleges that she requested reasonable accommodation for things like sanitary and safe places to pump, flexibility in her work schedule to attend medical appointments, and modified uniforms to accommodate changes to her body that occurred due to pregnancy. Dkt. 1, at 2-6. Oropeza alleges these

---

[1] Rule 8's "simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz*, 534 U.S. at 512. For instance, Rule 9(b) requires greater pleading particularity in all averments of fraud or mistake. Fed. R. Civ. P. 9(b).

requests were improperly denied and further, that Human Good subsequently began to discipline her for her requests. *Id.* Oropeza provided 167 pages of detailed factual allegations to support these assertions, including screenshots of communications with other employees of Human Good. *See generally* Dkt. 1-5. As a result, Oropeza filed a complaint for discrimination and retaliation with a local fair employment agency. Dkt. 1-3. The agency determined Oropeza likely had a valid discrimination claim, to which the EEOC accorded "substantial weight." *Id.* The EEOC thus granted Oropeza a right to sue under the facts alleged here. *Id.* This, Oropeza alleges, resulted in further retaliation against her and the ultimate termination of her employment. Dkt. 1, at 2-6.

Additionally, upon termination, Oropeza filed for unemployment benefits which were granted by the Idaho Department of Labor. Dkt. 1-6, at 1. Human Good then appealed this award of benefits and won (a hearing was held that was not attended by Oropeza), requiring Oropeza to pay back the benefits. *Id.* at 2-3. Oropeza was unable to pay and a lien was attached to any property owned or acquired by her in the state of Idaho. *Id.* at 5. Oropeza alleges Human Good appealed the Idaho Department of Labor's decision granting unemployment benefits for the purpose of retaliation. Dkt. 1, at 2-6.

As alleged, the aforementioned facts are plead with sufficient specificity and plausibly support Oropeza's Civil Rights Act and Pregnant Workers Fairness Act claims. Additionally, Oropeza appears to have followed the proper procedure under those laws to allow these claims in federal district court. While the Court is *not* making a determination as to the ultimate likelihood of success on any of Oropeza's causes of action, the Court nonetheless finds the Complaint overcomes the low threshold at this early stage to survive

initial review.

2. *Compliance with Federal Rule of Civil Procedure 4(m)*

Pursuant to Federal Rule of Civil Procedure 4(m), plaintiffs in federal court must serve defendants within ninety (90) days of filing a complaint. Fed. R. Civ. P. 4(m). If timely service is not made, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Additionally, pursuant to District of Idaho Local Civil Rule 4.1, the plaintiff in any civil action must update the Court on service.

Here the Court does not know when, if at all, Oropeza served Human Good. Ninety days have passed since Oropeza's Complaint was filed with the Court, but Oropeza has not updated the Court on the status of service. Therefore, Oropeza must update the Court within thirty (30) days of this decision with information on the status of service, or risk dismissal. To be clear, this decision and corresponding order are not an extension for Oropeza to serve Human Good if she has not already done so. If she needs an extension, Oropeza may so move and explain her failure to timely serve Human Good.

### IV. CONCLUSION

Oropeza complied with Federal Rule of Civil Procedure 8(a) and plead a short and plain statement showing she is entitled to relief. Additionally, Oropeza plead facts with enough particularity to satisfy the pleading standards here. However, Oropeza has not indicated that she has served Human Good in accordance with the federal or local rules.

## V. ORDER

Now, therefore, **IT IS HEREBY ORDERED:**

1. After an initial review of the Complaint, the Court will allow Oropeza to proceed with her claims against Human Good;

2. Plaintiff must comply with Federal Rule of Civil Procedure 4(m) and District of Idaho Local Civil Rule 4.1 by filing a notice that service has been completed within thirty (30) days of the date of this Order. Failure to file the notice within this timeframe may result in dismissal of this case without prejudice, and without further notice.

DATED: February 4, 2026

_____
David C. Nye
U.S. District Court Judge